**FILED**

**MARCH 9, 2010**

KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JERRY WHITE, a/k/a | § | |
| Jerry L. White, Jr., *PRO SE*, | § | |
| No. 16101, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 2:09-CV-0111 |
| | § | |
| DON COPELAND and | § | |
| SHELLY MCCARN, | § | |
| | § | |
|     Defendants. | § | |

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT, AND TO GRANT DEFENDANTS'
MOTION AND SUPPLEMENT TO THEIR MOTION FOR SUMMARY JUDGMENT**

Plaintiff, JERRY WHITE, also known as Jerry L. White, Jr., brings this lawsuit pursuant

to 42 U.S.C. § 1983, complaining against defendants, Don Copeland, Sheriff, Gray County,

Texas, and Shelly McCarn, jail administrator, Gray County, Texas.  Both plaintiff and

defendants have moved for summary judgment.  Plaintiff submitted no evidence in support of his

motion for summary judgment.  Based upon the arguments and summary judgment evidence

submitted by defendants, plaintiff's responses to the motion and to the supplement to the motion,

defendants' response to plaintiff's motion, and for the reasons set forth below, it is the opinion of

the undersigned Magistrate Judge that defendants are entitled to summary judgment in their

favor and that plaintiff's complaint should be dismissed with prejudice.

I.
PLAINTIFF'S ALLEGATIONS

By his complaint filed May 1, 2009, plaintiff alleges the defendants were deliberately

indifferent to his serious medical needs.  Specifically, plaintiff alleges that around 7:00 p.m., on

April 6, 2009, he informed Gray County jail Officer Green that he believed he was about to have a "seizure."  Jail Officers Woody and Smith responded, but found plaintiff was not having a seizure.  According to plaintiff, Officers Woody and Smith told plaintiff to lie down and wait because his medications would be dispensed soon.  Approximately twenty minutes later plaintiff White experienced a "seizure."  Other inmates sounded an alarm and contacted the picket officer, Officer Green, who dispatched Officers Woody and Smith to plaintiff's cell.  Officer Woody responded to plaintiff by performing a chest rub.  Plaintiff's seizure ceased.  Plaintiff was not taken to the hospital, but was, according to plaintiff, given a "double dose" of his prescription.  Plaintiff complains the officers did not return and it was not until the next day, April 7, 2009, that he saw a doctor and was sent to the hospital.  Plaintiff complains he was not sent to the hospital until fifteen hours after his "seizure," and contends that by not sending him directly to the hospital he could have and probably did suffer permanent damage.

Defendants have filed a comprehensive motion for summary judgment with a brief in support and have included an Appendix with summary judgment evidence which plaintiff has failed to refute.  Plaintiff filed a motion for summary judgment which was not supported by any evidence or designation of existing evidence in the record.  The Court will not repeat all of the arguments the parties present, nor recite all of the evidence submitted, but will summarize some of those arguments and evidence for purposes of this Report and Recommendation.

In their motion for summary judgment, defendants contend (1) they are entitled to qualified immunity; (2) that there is no evidence the defendants or anyone was deliberately indifferent to plaintiff's serious medical needs; (3) that neither of the named defendants had any personal involvement in plaintiff's medical care; and (4) that plaintiff suffered no substantial

cvr\whte.r&r:1

harm as a result of the April 6, 2009, incident.  Defendants' summary judgment evidence includes a detailed listing of plaintiff's medications and some of his medical records from the Gray County jail.  Among other things, those records indicate that at approximately 8:12 p.m., on April 6, 2009, plaintiff complained of a seizure and Officers Woody and Smith investigated. Plaintiff was not found to be suffering from a seizure at that time, and was able to ambulate and converse with the officers.  Plaintiff was instructed to wait for his medications.  At approximately 8:47 p.m., plaintiff was reported to be shaking, was unresponsive, and was apparently suffering a seizure.  Officers Woody and Smith responded, and Officer Woody performed a sternum rub but plaintiff did not respond to it (Appx 29).  Plaintiff did, however, recover from the seizure and it was reported to the Medical Officer, Lacey, that plaintiff was up and responsive.  Based upon plaintiff's quick recovery, Lacey opined plaintiff had not suffered a seizure.  Medical Officer Lacey did authorize the administration of additional phenyton medication.  Plaintiff was given this medication and his other medications at 9:07 p.m.

The affidavits of defendant Copeland, defendant McCarn, and Medical Officer Lacey, were submitted as summary judgment evidence, Appendix 1-2, Appendix 3-4, and Appendix 37-39, respectively.  A second affidavit from defendant Copeland, Appendix 40-41, was also submitted.  The affidavits of defendants Copeland and McCarn recite, among other things, that neither was present at the jail when plaintiff White suffered the "seizure" on April 6, 2009, and that neither defendant had any personal involvement in any medical decision relating to plaintiff White.  The affidavit of Medical Officer Lacey reflects he was contacted on April 6, 2009, by Gray County jail personnel because plaintiff White was complaining of a seizure, that it was his understanding plaintiff was up and responsive within a few minutes of the alleged seizure, and

that from his experience plaintiff White did not suffer a seizure on that date.  Medical Officer

Lacey further stated he authorized White to receive an additional 200 milligrams of phenyton,

that he examined White the next morning (April 7, 2009), and in an "abundance of caution,"

authorized plaintiff to be sent to the hospital in Pampa, Texas.  Lacey further states plaintiff was

discharged from the hospital that same day for followup and a prescription for 200 milligrams of

tegretol twice a day.  Medical Officer Lacey stated in his affidavit that he saw plaintiff White on

May 20, 2009, when White was seeking approval to be a trustee.  According to Lacey, plaintiff

White told him he felt better than he had in six months, and that he did not have any complaints

about the medical care he had received at the Gray County jail.  Plaintiff White told Officer

Lacey that he had filed a lawsuit because of the way he had been spoken to and because he was

mad.

II.

PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND RESPONSE TO DEFENDANTS' MOTION

By his unsupported motion for summary judgment, plaintiff complains he has suffered

three seizures while in Gray County Jail and suffered an allergic reaction to the medications

prescribed by Medical Officer Lacey.  Further, plaintiff complains he suffered a staph infection

and that his hand became infected because of the dish detergent he was exposed to while

working as a trustee.  Plaintiff also states the defendant Sheriff COPELAND is called each time

an inmate is sent to the hospital.  Other than the April 6, 2009 seizure, plaintiff did not plead

these incidents in his complaint, nor has he sought to amend his complaint to include them.

By his response to defendants' motion for summary judgment, plaintiff does not rebut the

affidavits by defendant Copeland, defendant McCarn, and Medical Officer Lacey.  Instead,

plaintiff states he had been in ICU in Duncan, Oklahoma prior to being transported to the Gray

County jail and that the defendants were aware of that fact, that he had had a prior conflict with

defendant Copeland over an incident involving a Gray County officer and that medications he

had been taking while in jail caused significant swelling.  Plaintiff also stated his seizures were

confirmed by the hospital, but no hospital records were submitted.

III.

DEFENDANTS' SUPPLEMENT TO THEIR MOTION FOR SUMMARY JUDGMENT

Following the filing of plaintiff's response to their motion for summary judgment,

defendants filed a supplement to their motion for summary judgment.  In that supplement,

defendants state plaintiff now indicates he is suing defendants Copeland and McCarn in their

official capacities as officers of Gray County, Texas, which means Gray County is a *de facto*

defendant.  Defendants allege plaintiff has failed to show any policy, custom or practice of Gray

County was in effect and caused plaintiff harm.  Based upon plaintiff's failure to plead any such

custom or practice, defendants argue summary judgment should be granted in their favor.

Plaintiff also filed a response to defendants' supplement to their motion for summary

judgment.  In that response, however, plaintiff states he is in fact not suing the defendants

individually, but is suing them "as the Sherriff (sic) and administrator of gray (sic) co jail."  He

affirmatively states the county did not act with the deliberate indifference to a known risk, but

that the individual defendants did, referencing having been in ICU in Duncan, Oklahoma prior to

his incarceration in the Gray County jail.

IV.

MERITS

Summary judgment may be granted where the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Federal Rule of Civil Procedure 56(c).  Consequently, after adequate time for discovery and upon motion, summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party bears the burden of proof.  *Celotex v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

A complete failure of proof concerning an essential element of the nonmoving party's case is fatal and entitles the moving party to judgment as a matter of law.  *Celotex v. Catrett*, 477 U.S. at 322-23, 106 S.Ct. at 2552.  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Where the movant does not bear the burden of proof at trial, it may meet its summary judgment obligation by pointing out the absence of evidence to support the non-movant's claims.  *See, Celotex v. Catrett*, 477 U.S. 317 at 325. Once the movant has met its obligation, the burden shifts to the non-movant to adduce evidence showing a genuine issue of material fact for trial.  *Id.* at 324.  This burden may be satisfied by designating specific facts on the record and articulating the precise manner in which they support the non-movant's claims.  *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).  The nonmovant must delineate specific facts which demonstrate the presence of a genuine issue of material fact. *Id.*; *Judwin Properties, Inc. v. U.S. Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir. 1992).

Plaintiff has not stated a viable cause of action against either defendant Copeland or defendant McCarn in their individual capacity, nor has he stated a cause of action against either defendant in their official capacity.

Judging from the April 2, 2009 date of his arraignment, Appendix 8-9, it appears plaintiff was a pretrial detainee at the time of the incident forming the basis of this lawsuit[1].  To prove a constitutional violation stemming from an episodic act or omission, a pretrial detainee must show an official acted with subjective deliberate indifference.  *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996)(*en banc*).  To extend liability to a governing entity through a conditions of confinement claim, the pretrial detainee must show the predicate episodic act or omission resulted from a municipal custom, rule, or policy adopted or maintained with objective deliberate indifference to the detainee's constitutional rights.  *Scott v. Moore*, 114 F.3d 51, 54 (5th Cir. 1997)(citing *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996)(*en banc*)).

Even assuming, for purposes of argument, that plaintiff has stated any such causes of action, the summary judgment evidence establishes no violation of 42 U.S.C. § 1983 occurred. First, plaintiff, by his own pleadings, has eliminated any cause of action against either defendant in their official capacity or against Gray County.  In his response to defendants' supplement to their motion for summary, plaintiff admits the county did not act with deliberate indifference and states that "the deprivation of which the plaintiff complains was merely an isolated incident."  If those statements are not a sufficient basis upon which to grant defendants' motion for summary judgment, plaintiff has failed to identify any policy and/or custom of Gray County which caused him any harm.  Further he has failed to rebut, with competent summary judgment evidence, defendant Copeland's affidavit, found as Appendix 1 to the supplement to the motion for summary judgment, specifically paragraph 8, wherein defendant Sheriff Copeland states Gray

---

[1]With respect to the differing sources of protection for pretrial detainees and convicted inmates, the Fifth Circuit has recognized that the distinction as to medical care due a pretrial detainee, as opposed to a convicted inmate, may be a distinction without a difference, because if an act or omission violates the Eighth Amendment protection against deliberate indifference to a serious medical need, it will certainly violate a detainee's Fourteenth Amendment protections.  *Cupit v. Jones*, 835 F.2d 82, 85 (5th Cir. 1987).

County has a policy of responding to requests for medical treatment of inmates and also of contacting the medical officers when needed to report inmates' medical conditions and to obtain guidance in dealing with such conditions.

Therefore, if, as defendants contend, plaintiff is suing both defendants in their official capacity, then, for the reasons recited above and based on the evidence set forth in defendants' supplement to their motion for summary judgment, plaintiff is not entitled to relief and defendants' motion for summary judgment should be granted. *Scott v. Moore*, 114 F.3d 51, 54 (5th Cir. 1997)(citing *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996)(*en banc*)). To the extent plaintiff might now argue he has sued defendants Copeland and McCarn in both their individual and their official capacities, then, for the reasons recited above, and for the reasons set forth in their motion for summary judgment, appendix, and brief in support thereof, summary judgment as to those two defendants in their individual capacities should be granted. Plaintiff has wholly failed to show that either defendant was personally involved or was present at the jail on April 6, 2009. Plaintiff has also failed to show either defendant was personally involved in any of the decisions made on or after April 6, 2009, as to the medical treatment plaintiff did or should have received, or did not receive. Plaintiff cannot show the defendants acted with subjective deliberate indifference. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996)(*en banc*).

Based on plaintiff's argument that he is "[t]rying to build a case" that defendants "put things off claiming it was in individual capacities," and his agreement that there was no policy or custom of the county involved, it appears he may be basing his claim against the defendants on the acts or omissions of those supervised by defendants. The acts of subordinates trigger no

cvr\whte.r&r:1

Page 8 of  10

individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999).

As to plaintiff's motion for summary judgment, even if it had been supported by summary judgment evidence, the allegations in plaintiff's motion for summary judgment would support, at most, a claim of medical negligence against one or more persons not named as a defendant, if even that. Negligent medical care, however, will not support a claim under section 1983. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

V.

CONCLUSION

For the reasons recited above, it is the opinion and recommendation of the undersigned Magistrate Judge that plaintiff's motion for summary judgment should be DENIED and defendants' motion for summary judgment and their supplement to their motion for summary judgment should be, in all things, GRANTED.

IT IS SO RECOMMENDED.

SIGNED and ENTERED this 9th day of March, 2010.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e).

Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).